**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OCAIRI IBARES MENDEZ, | No. 15-73081 |
| Petitioner, | Agency No. A200-097-868 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Ocairi Ibares Mendez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing Mendez's appeal

from an immigration judge's ("IJ") decision denying Mendez's application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Mendez has waived any challenge to the agency's dispositive determination that his asylum application was untimely. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). Thus, Mendez's asylum claim fails.

As to withholding of removal, the agency did not err in finding that Mendez's claimed social group of returning Mexicans who are perceived to have wealth as a result of a lengthy residence in the United States is not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's determination that Mendez failed to establish that it is more probable than not he will be persecuted because of his

familial relationship with police officers if returned to Mexico. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003).

Thus, Mendez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Mendez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**